**Roszetta Marie MCNEILL,**
**Plaintiff–Appellant,**

v.

**RDH & PEM INVESTMENTS, L.L.C.,**
**Defendant–Appellee.**

No. 01–1482.

United States Court of Appeals,
Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY,
Circuit Judges;  CARR, District Judge.*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Roszetta Marie McNeill, a pro se Michigan resident, appeals the district court order granting summary judgment to the defendant in this action brought under Title VII of the 1964 Civil Rights Act (Title VII), 42 U.S.C. § 2000e–16, et seq., Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, McNeill sued RDH & PEM Investments, L.L.C. (RDH) in May 2000. McNeill, an African–American who suffers from lupus and thrombocytopenia, both worked for RDH and rented an apartment from the company. She alleged that the defendant discriminated against her on the basis of her race and disability, retaliated against her, and violated her fair housing rights by terminating her from her position and having her evicted. After a period of discovery, RDH moved for summary judgment. The district court granted the motion, concluding that McNeill failed to present direct evidence of discrimination, did not establish a prima facie case of race or disability discrimination, and offered no proof of violation of the FHA.

In her timely appeal, McNeill argues that she presented material issues of fact precluding summary judgment.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly granted summary judgment to RDH on each of McNeill's claims. McNeill began living in an apartment owned by RDH in 1996. In December 1999, she went to work for the defendant as a leasing agent and office assistant. McNeill's supervisor assigned her extra duties in the spring of 2000 in anticipation of the supervisor's maternity leave. McNeill demanded more pay. RDH refused, and on April 26, 2000, McNeill informed RDH that she intended to resign when her supervisor returned from maternity leave. RDH fired McNeill after a confrontation on May 1, 2000. RDH began eviction proceedings against McNeill later that month.

We agree with the district court that McNeill did not establish a prima facie case of either race or disability discrimination. *See Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 461 (6th Cir.2001); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir.1999). First, although McNeill is a member of a protected class for purposes of Title VII, she is not a member of a protected class under the ADA. She did not demonstrate an impairment that substantially limits one or more major life activity, nothing in the record suggests that RDH regarded her as disabled, and she did not request an accommodation. Second, McNeill was replaced by another African–American and did not identify any similarly situated employee whom RDH treated more favorably. In sum, she submitted no proof beyond her own conclusory allegations that RDH fired her because of her race or disability. Conclusory allegations do not create a genuine issue of material fact which precludes summary

judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Faced with RDH's well-supported motion for summary judgment, McNeill merely repeated the charges from her complaint.

█ We also conclude that the district court properly granted summary judgment to RDH on McNeill's retaliation claim. McNeill acknowledged that she did not contact any government agency about her alleged discrimination before she was fired. Thus, she could not establish a causal connection between her termination and her charges of discrimination. *See Allen v. Michigan Dep't of Corr.,* 165 F.3d 405, 412 (6th Cir.1999); *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588–89 (6th Cir.1998).

█ Finally, we conclude that the district court properly granted summary judgment to RDH on McNeill's claim that RDH violated fair housing law. RDH initiated eviction proceedings against McNeill on May 23, 2000, alleging that she had not paid rent since April 2000. The parties eventually settled the matter by a consent judgment requiring McNeill to move out by December 18, 2000. McNeill's allegations that RDH did not serve the eviction papers properly do not support a claim under the FHA. *See Selden Apartments v. United States Dep't of Hous. & Urban Dev.,* 785 F.2d 152, 159 (6th Cir.1986).

McNeill failed to support her allegations that RDH violated Title VII, the ADA, or the FHA. Because there were no material issues of fact, RDH was entitled to a judgment as a matter of law. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.